Dear Mayor Harris:
This is in response to your recent letter asking these questions:
 (1) When determining the assessed value of properties to be annexed into the corporate limits of a municipality, does the said value include movable inventory of that property?
 (2) When there has been a change of ownership since the last assessment of a property, should the assessor use the last assessment appearing on the rolls or the current roll before its official adoption?
The annexation of territory into a municipality is governed by LSA-R.S. 33:141 to 224, particularly sections 151, 152 and 153, and by R.S. 33:172, which was adopted in 1946 (amended in 1993 and 1999) and which provides an alternate method of annexing territory. Sections 151, 152 and 153 refer to the value of "lots of land" subject to annexation. There is no specific requirement that movable property be included in the assessor's certification of value.
Section 152 directs the parish surveyor to prepare a certified "plot of survey of such lots of land desired to be annexed." Such wording appears to apply only to property capable of being surveyed. This certification, along with the assessor's certification, accompanies the annexation petition. Neither the parish surveyor nor the parish assessor or anyone else is directed to evaluate movable property in the area being annexed.
The legislature, in its wisdom, may have chosen to exclude the value of movables from the annexation statutes because of the very nature of and elusiveness of movables as opposed to the relatively firm value of immovable land.
Two prior opinions of this office, numbered 89-57 and 89-57A, in addition to several cases cited in the opinions, stated that the "property" to be included in the assessor's certification referred toassessed property, including residential, commercial, industrial and public service assessments. No mention was made of movable property.
We assume your second question relates to the parish assessor's evaluation of property for annexation purposes following a change in ownership. Section 172A(3) gives the assessor directives for evaluating such property, which section reads as follows with underlining of the part pertinent to your question:
 The valuation of the property within the area proposed to be annexed shall be certified to by the assessor according to the assessment of each of the owners signing the petition. When there has been a change of ownership since the last assessment of the property, the assessor shall certify the valuation of the present owner in accordance with the last assessment appearing on the rolls against any previous owner. In any case when the property of the present owner has not specifically been assessed, the assessor shall estimate the property. In any case in which multiple property owners are assessed under a single assessment, neither the assessor nor the annexing municipality shall be required to make further inquiry beyond the face of the assessor's records as to the identity of unnamed property owners. Neither the assessor nor the annexing municipality shall be required to count or consider the existence of multiple fractional property interests in determining whether the percentages required in this Subsection have been met.
Once the assessor's certification is made in accord with these guidelines, it is presumed correct and can be relied on by an annexing municipality. It is prima facie proof of correctness although it can be rebutted by anyone opposing annexation provided contrary and competent evidence can be presented in district court. Considering the apparent legislative intent of the annexation statutes, however, a person challenging an assessor's certification would have an uphill struggle.
If we can be of further assistance, please advise.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ H. Charles Gaudin Assistant Attorney General
RPI:HCG/bgc
Date Released: December 4, 2001